UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINWOOD ALLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>THE DISTRICT OF COLUMBIA, *et al.,*<br><br>    Defendants. | Civil Action No. 20-02453 (TSC) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Linwood Allen submits the U.S. Supreme Court's recent decision in *N.Y. State Rifle & Pistol Ass'n, Inc., et al. v. Bruen*, No. 20-843, 597 U.S. ___ (2022) (Exhibit A), as supplemental authority in support of his opposition to Defendants' motion to dismiss (ECF 24).

Mr. Allen filed this lawsuit on September 2, 2020, because Defendants unlawfully deprived him of his Fifth and Second Amendment rights by revoking his firearm registration and concealed pistol license based on prior criminal charges that were already known to Defendants and had been dismissed, disproven, and/or expunged. Discovery has not commenced in this case, as Defendants' motion to dismiss remains pending. *Bruen* confirms that this Court should deny that motion to dismiss and allow discovery to proceed.

*First*, *Bruen* held unconstitutional New York's firearm licensing in part because it gave authorities "discretion to deny concealed-carry licenses even when the applicant satisfies the statutory criteria." Exhibit A, slip op. at 5. That is what happened in Mr. Allen's case. Mr. Allen met the statutory requirements for acquiring his firearm registration and concealed carry permit—as Defendants acknowledged by approving his applications—yet Defendants subsequently revoked both

based on a discretionary application of an undisclosed interpretation of D.C. law. Allowing officials this sort of "open-ended" discretion in making gun-licensing decisions is "constitutionally problematic" for many reasons, Exhibit A, slip op. at 1-2 (Kavanaugh, J., concurring), including because it creates a risk of discriminatory impact. As public defender groups[1] and legal services organizations[2] have noted in response to *Bruen*, this was precisely the case in New York where the firearm licensing laws were too often applied in a racially discriminatory manner. Those concerns are heightened in this case because Defendants used their discretion to revoke Mr. Allen's constitutional right based on the mere fact of prior arrests—which are more likely to happen to people of color.

*Second*, even the *Bruen* dissent urges caution in deciding Second Amendment cases "without the benefit of discovery or an evidentiary record." *See* Exhibit A, slip op. at 2 (Breyer, J., dissenting). Such a decision "may well rest . . . on a mistaken understanding of how New York's law operates in practice." *See* Exhibit A, slip op. at 2, 12-14 (Breyer, J., dissenting). The same is true here. Defendants claim that the decision to revoke Mr. Allen's concealed pistol license resulted from a "new interpretation" of D.C. law, *see* ECF 1, Compl. ¶¶ 175, 182, but have refused to provide any information about that purported new policy or how it was applied in Mr. Allen's case. Discovery is needed in this case, among other reasons, to identify the existence and contours of that policy so that this Court can evaluate whether it is unconstitutional or otherwise illegal.

---

[1] Joint Public Defender Statement on U.S. Supreme Court Ruling in *New York State Rifle & Pistol Association Inc. v. Bruen*, The Bronx Defenders, Brooklyn Defender Services, Black Attorneys of Legal Aid, Monroe County Public Defender, Ontario County Conflict Defender's Office, Ontario County Public Defender, Oneida County Public Defender, Wayne County Public Defender, and St. Lawrence County Public Defender, *available at* https://www.bronxdefenders.org/supreme-court-strikes-down-the-carry-provision-of-new-york-states-gun-licensing-scheme/.

[2] Statement on U.S. Supreme Court Ruling in *NYS Rifle & Pistol Association et a. v. Kevin P. Bruen*, The Legal Aid Society, available at https://legalaidnyc.org/wp-content/uploads/2022/06/06-23-22-LAS-Statement-on-U.S.-Supreme-Court-Ruling-in-NYS-Rifle-Pistol-Association-et.-al.-v.-Kevin-P.-Bruen-FINAL.pdf.

In sum, *Bruen* confirms that the Court should deny Defendants' motion to dismiss and allow Mr. Allen's lawsuit to go forward so that he can develop an evidentiary record to support his colorable constitutional claims.

Dated: July 8, 2022

Respectfully submitted,

*/s/ Hayter L. Whitman*
Hayter L. Whitman (D.C. Bar No. 1031057)
Kieran G. Gostin (D.C. Bar No. 1019779)
Matthew R. Skanchy (D.C. Bar No. 1045601)
Julian A. Jiggetts (D.C. Bar No. 1739066)

WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
hwhitman@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
jjiggetts@wilkinsonstekloff.com

*Counsel for Linwood Allen*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 8th day of July 2022, a true and correct copy of the foregoing document was served upon the parties in this case via the Court's electronic filing system and is available for viewing and downloading from the ECF system.

Dated: July 8, 2022                                              By: */s/ Hayter L. Whitman*
                                                                                                Hayter L. Whitman