## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINWOOD ALLEN,** | |
| **Plaintiff,** | |
| **v.** | **No. 1:20-cv-02453-TSC** |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

### DEFENDANT DISTRICT OF COLUMBIA'S
### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant District of Columbia (the District)[1] answers Plaintiff's Complaint [1] as follows.

### DEFENSES

The District asserts and preserves the defenses listed below based on information currently available, reserving the right to withdraw these defenses or assert additional defenses as information becomes available.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to allege facts to establish municipal liability under 42 U.S.C. § 1983.

---

[1]     The Court granted Defendants' Motion to Dismiss "the claims against the individual government officials in their personal and official capacities," Mem. Op. at 21 (Mar. 31, 2023) [29], and found that the Metropolitan Police Department (MPD) and the Concealed Pistol Licensing Review Board (CPLRB) "cannot be sued as separate entities," *id.*, leaving the District of Columbia as the only remaining defendant.

**THIRD DEFENSE**

The District acted at all times consistently with all applicable laws, rules, regulations, constitutional provisions, and standards of care.

**FOURTH DEFENSE**

The District, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward Plaintiff in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

**FIFTH DEFENSE**

Attorney's fees and costs are not recoverable against the District in this case.

**SIXTH DEFENSE**

Plaintiff may have failed to exhaust available administrative remedies.

**SEVENTH DEFENSE**

The District, its agents, servants, and employees, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**EIGHTH DEFENSE**

The doctrines of estoppel, unclean hands, and illegality may equitably bar Plaintiff from seeking the relief sought in the Complaint.

**NINTH DEFENSE**

The Complaint should be dismissed, in whole or in part, because the equitable and declaratory relief requested by Plaintiff exceeds the scope of his claims. In the alternative, Plaintiff is not entitled to any relief from this Court because of his own actions or inactions.

**TENTH DEFENSE**

The District denies all allegations of wrongdoing including, but not limited to, any alleged violations of statutory and common law, and further denies that Plaintiff is entitled to any relief.

**ELEVENTH DEFENSE**

Plaintiff has not suffered any monetary or financial loss for which he can assert a claim for compensatory or other damages.  Alternatively, Plaintiff failed to mitigate his alleged damages.

**TWELFTH DEFENSE**

Plaintiff's claims have previously been dismissed by the Court.

\* \* \*

**ANSWER TO PLAINTIFF'S COMPLAINT**

The District responds to the individually-numbered paragraphs of Plaintiff's Complaint below.  To the extent any allegation in the Complaint is not specifically admitted, the District denies it.  Further, references by the District to materials cited in the Complaint are not to be construed as admissions that the materials are correctly cited, quoted, or characterized by Plaintiff; or that the materials are admissible or relevant to this action.  Except where expressly stated otherwise below, the District denies Plaintiff's characterizations of the referenced materials and preserves all objections as to relevance and admissibility.

**<u>OVERVIEW OF THE CASE</u>**[2]

1.      The allegations in paragraph 1 of the Complaint purport to characterize the nature of

---

[2]      The headings included below correspond to the headings in the Complaint and are provided to assist the Court in reviewing the Answer.  All allegations in the headings—express or implied—are denied.

Plaintiff's action and contain legal conclusions.  To the extent a response is required, the District admits the allegations in the first sentence and denies the remainder.

2.      The allegations in paragraph 2 of the Complaint purport to characterize the nature of Plaintiff's action and contain legal conclusions.  To the extent a response is required, the allegations are denied.

3.      The allegations in paragraph 3 of the Complaint purport to characterize the nature of Plaintiff's action and contain legal conclusions.  To the extent a response is required, the District lacks sufficient information to admit or deny the allegations in the first sentence and denies the remainder.

4.      The District denies the allegations in the first sentence of paragraph 4 of the Complaint and lacks sufficient information to admit or deny the remaining allegations.

5.      The allegations in paragraph 5 of the Complaint purport to characterize the nature of Plaintiff's action and contain legal argument.  To the extent a response is required, the District denies the allegations.

6.      The allegations in paragraph 6 of the Complaint purport to characterize the nature of Plaintiff's action and contain legal argument and conclusions.  To the extent a response is required, the District denies the allegations.

7.      The allegations in paragraph 7 of the Complaint purport to characterize the nature of Plaintiff's action and contain legal conclusions.  To the extent a response is required, the District denies the allegations.

8.      The allegations in paragraph 8 of the Complaint purport to characterize the nature of Plaintiff's action and contain legal conclusions.  To the extent a response is required, the District admits that Plaintiff was previously arrested for at least two offenses involving a firearm and denies

the remaining allegations.

9.      The allegations in paragraph 9 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

10.      The District admits that Mr. Allen was arrested for at least two misdemeanor gambling incidents, admits that he was arrested for possession with the intent to distribute cocaine, and denies the remaining allegations in paragraph 10 of the Complaint.

11.      The allegations in paragraph 11 of the Complaint contain legal argument and conclusions.  To the extent a response is required, the District denies the allegations.

12.      The allegations in paragraph 12 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

13.      The District lacks sufficient information to admit or deny the allegations in paragraph 13 of the Complaint.

14.      The District lacks sufficient information to admit or deny the allegations in paragraph 14 of the Complaint.

15.      The District lacks sufficient information to admit or deny the allegations in paragraph 15 of the Complaint and denies all alleged wrongdoing.

16.      The allegations in paragraph 16 of the Complaint purport to characterize the nature of Plaintiff's action and contain legal conclusions.  To the extent a response is required, the District denies the allegations and denies all alleged wrongdoing.

17.      The allegations in paragraph 17 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations, denies all alleged wrongdoing, and denies that Plaintiff is entitled to any relief in this action or otherwise.

## PARTIES

### Plaintiff

18.     The District lacks sufficient information to admit or deny the allegations in paragraph 18 of the Complaint.

### D.C. Defendant

19.     Admitted.

### MPD Defendants

20.     The District admits that "MPD is the primary law enforcement agency for D.C., as well as the agency responsible for registering firearms and issuing concealed pistol licenses in D.C.," and denies the remaining allegations in paragraph 20 of the Complaint.

21.     Denied.

22.     Denied.

23.     The District lacks sufficient information to admit or deny the allegations in paragraph 23 of the Complaint.

24.     Admitted.

25.     The allegations in paragraph 25 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations and denies all alleged wrongdoing.

### CPLRB Defendants

26.     The allegations in paragraph 26 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that "the CPLRB is responsible for reviewing appeals of any denials of an application for a concealed pistol license, as well as appeals from license revocations and suspensions," and denies the remaining allegations.

27.     The District admits that "Edwin Powell, Gary Abrecht, and Dr. Chad Tillbrook

[were] panelists of the CPLRB who were assigned to hear Mr. Allen's appeal" and denies the remaining allegations in paragraph 27 of the Complaint.

28.     Admitted.

29.     The allegations in paragraph 29 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations and denies all alleged wrongdoing.

## JURISDICTION AND VENUE

30.     The allegations in paragraph 30 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

31.     The allegations in paragraph 31 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

32.     The allegations in paragraph 32 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that venue in the District of Columbia is appropriate.

## JURY DEMAND

33.     Paragraph 33 of the Complaint is Plaintiff's jury demand.  No response by the District is required.

## FACTUAL ALLEGATIONS

**I.      D.C.'s Firearm Registration Scheme**

34.     The allegations in paragraph 34 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits the allegation in the first sentence, acknowledges the cited provisions of law, states that those materials are the best evidence of the their contents, and denies all other characterizations.

35.     Admitted.

36.     The District responds that the provision of the D.C. Code referenced in paragraph 36 of the Complaint is the best evidence of its content and denies all other characterizations.

37.     The District responds that the provisions of the D.C. Code referenced in paragraph 37 of the Complaint are the best evidence of their content and denies all other characterizations.

38.     The District responds that the provisions of the D.C. Code referenced in paragraph 38 of the Complaint are the best evidence of their content and denies all other characterizations.

39.     The District responds that the provisions of the D.C. Code referenced in paragraph 39 of the Complaint are the best evidence of their content and denies all other characterizations.

40.     The District admits that Mr. Newsham was the Chief of Police for MPD from approximately September 2016 through December 2020.  The District otherwise denies the allegations in paragraph 40 of the Complaint.

41.     The District responds that the provisions of the D.C. Code referenced in paragraph 41 of the Complaint are the best evidence of their content and denies all other characterizations.

42.     The District responds that the provisions of the D.C. Code and DCMR referenced in paragraph 42 of the Complaint are the best evidence of their content and denies all other characterizations.

43.     The District responds that the provision of the D.C. Code referenced in paragraph 43 of the Complaint is the best evidence of its content and denies all other characterizations.

44.     The District responds that the provisions of the D.C. Code and DCMR referenced in paragraph 44 of the Complaint are the best evidence of their content and denies all other characterizations.

45.     The District responds that the provision of the DCMR referenced in paragraph 45 of the Complaint is the best evidence of its content and denies all other characterizations.

46.     The District responds that the provision of the DCMR referenced in paragraph 46 of the Complaint is the best evidence of its content and denies all other characterizations.

47.     The District responds that the provision of the D.C. Code referenced in paragraph 47 of the Complaint is the best evidence of its content and denies all other characterizations.

48.     The District responds that the provision of the D.C. Code referenced in paragraph 48 of the Complaint is the best evidence of its content and denies all other characterizations.

49.     The District responds that the provisions of the D.C. Code referenced in paragraph 49 of the Complaint are the best evidence of their content and denies all other characterizations.

50.     The District responds that the provisions of the D.C. Code referenced in paragraph 50 of the Complaint are the best evidence of their content and denies all other characterizations.

51.     The District responds that the provision of the D.C. Code referenced in paragraph 51 of the Complaint is the best evidence of its content and denies all other characterizations.

52.     The District responds that the provision of the D.C. Code referenced in paragraph 52 of the Complaint is the best evidence of its content and denies all other characterizations.

53.     The allegations in paragraph 53 of the Complaint contain legal conclusions.  To the extent a response is required, the District responds that the provisions of the DCMR referenced in paragraph 53 of the Complaint are the best evidence of their content and denies all other characterizations.

54.     The District responds that the provisions of the DCMR referenced in paragraph 54 of the Complaint are the best evidence of their content and denies all other characterizations.

55.     The District responds that the provision of the DCMR referenced in paragraph 55 of the Complaint is the best evidence of its content and denies all other characterizations.

56.     The District responds that the provisions of the D.C. Code and DCMR referenced in

paragraph 56 of the Complaint are the best evidence of their content and denies all other characterizations.

57.     The District responds that the provision of the DCMR referenced in paragraph 57 of the Complaint is the best evidence of its content and denies all other characterizations.

58.     The District responds that the provisions of the DCMR referenced in paragraph 58 of the Complaint are the best evidence of their content and denies all other characterizations.

59.     The District admits that Mr. Newsham was the Chief of Police for MPD from approximately September 2016 through December 2020.  The District otherwise denies the allegations in paragraph 59 of the Complaint.

60.     The District responds that the provisions of the D.C. Code and DCMR referenced in paragraph 60 of the Complaint are the best evidence of their content and denies all other characterizations.

61.     The District responds that the provision of the DCMR referenced in paragraph 61 of the Complaint is the best evidence of its content and denies all other characterizations.

62.     The District responds that the provisions of the DCMR referenced in paragraph 62 of the Complaint are the best evidence of their content and denies all other characterizations.

63.     The District responds that the provision of the D.C. Code referenced in paragraph 63 of the Complaint is the best evidence of its content and denies all other characterizations.

64.     The District responds that the provision of the DCMR referenced in paragraph 64 of the Complaint is the best evidence of its content and denies all other characterizations.

## II.     MPD Approved Mr. Allen's Application for a Firearm Registration Certificate.

65.     The District lacks sufficient information to admit or deny the allegations in paragraph 65 of the Complaint.

10

66.     The District lacks sufficient information to admit or deny the allegations in paragraph 66 of the Complaint.

67.     The District lacks sufficient information to admit or deny the allegations in paragraph 67 of the Complaint.

68.     The District lacks sufficient information to admit or deny the allegations in paragraph 68 of the Complaint.

69.     The District lacks sufficient information to admit or deny the allegations in paragraph 69 of the Complaint.

70.     The allegations in paragraph 70 of the Complaint contain legal conclusions.  To the extent a response is required, the allegations are denied.

71.     The District admits that Plaintiff applied for and obtained a firearm registration certificate in May 2019; admits that Plaintiff's firearm registration certificate was revoked on October 31, 2019; and admits that the revocation was rescinded by letter dated February 8, 2020. The District responds further that the documents referenced in paragraph 71 of the Complaint are the best evidence of their content and denies all other characterizations.

72.     The District admits that Plaintiff applied for his concealed pistol license in May 2019 and received it on August 15, 2019; admits that Plaintiff received a letter dated October 31, 2019, informing him that his concealed pistol license was revoked; and admits that the CPLRB sustained MPD's decision to revoke Plaintiff's concealed pistol license in May 2020.  The District responds further that the documents referenced in paragraph 72 of the Complaint are the best evidence of their content and denies all other characterizations.

73.     The District lacks sufficient information to admit or deny the allegations in paragraph 73 of the Complaint.

74.     The District lacks sufficient information to admit or deny the allegations in paragraph 74 of the Complaint.

75.     The District lacks sufficient information to admit or deny the allegations in paragraph 75 of the Complaint.

76.     The District lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 76 of the Complaint.  The District admits that Mr. Sykes was D.C.'s only federally licensed firearm dealer who provided firearm-transfer services to the public and that he operated his business at 300 Indiana Avenue, N.W., which also housed MPD headquarters.  The District also admits that MPD "stepped in" as D.C.'s sole federally licensed firearm dealer providing firearm-transfer services to the public for a period of time after Mr. Sykes's business closed.

77.     The District lacks sufficient information to admit or deny the allegations in paragraph 77 of the Complaint.

78.     The District lacks sufficient information to admit or deny the allegations in paragraph 78 of the Complaint.

79.     The District lacks sufficient information to admit or deny the allegations in paragraph 79 of the Complaint.

80.     The District lacks sufficient information to admit or deny the allegations in paragraph 80 of the Complaint.

81.     Admitted.

82.     Admitted.

83.     The allegations in paragraph 83 of the Complaint contain legal conclusions.  To the extent a response is required, the District states that the referenced application is the best evidence

of its content and denies all other characterizations.

84.    Admitted.

85.    Admitted.

86.    Admitted.

87.    Admitted.

88.    Admitted.

89.    Admitted.

90.    The allegations in paragraph 90 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

91.    The allegations in paragraph 91 of the Complaint contain legal conclusions.  To the extent a response is required, the District states that the referenced application is the best evidence of its content and denies all other characterizations.

92.    The District admits that MPD approved Plaintiff's application for a firearm registration certificate on May 6, 2019.

93.    The District admits that an MPD employee physically stamped Plaintiff's application with the word "APPROVED" in blue.

94.    The District admits that MPD assigned to Plaintiff a firearm registration number of 201901617.

95.    The District admits that MPD "issued to [Plaintiff] a physical firearm registration certificate card that bore a picture of [Plaintiff], as well as information about his registration."  The District further responds that the referenced card is the best evidence its content and denies all other characterizations.

96.    The District admits that, up to September 2, 2020, MPD never "requested [that

Plaintiff] provide any additional information to determine whether he is entitled to a firearm registration certificate." The District further responds that the cited provisions of the D.C. Code and DCMR are the best evidence of their contents and denies all other characterizations.

### III.    MPD Approved Mr. Allen's Application for a Concealed Pistol License.

97.    The District admits that MPD issued a Notice of Approval of Plaintiff's concealed pistol license. The District responds further that the Notice is the best evidence of its content and denies all other characterizations.

98.    The District admits that MPD issued the Notice referenced in paragraph 98 of the Complaint. The District responds further that the Notice is the best evidence of its content and denies all other characterizations and the remaining allegations of this paragraph.

99.    The District admits that the quoted text appears in the referenced letter, which is the best evidence of its content, and denies all other characterizations.

100.    The District admits that the quoted text appears in the referenced letter, which is the best evidence of its content, and denies all other characterizations.

101.    The District admits that, in the referenced letter, MPD provided, "Mr. Allen's physical concealed pistol license and a list of D.C. concealed carry prohibitions." The District responds further that the letter is the best evidence of its content and denies all other characterizations.

102.    The allegations in paragraph 102 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

### IV.    MPD Knew of Mr. Allen's Criminal Arrest Record When It Approved His Applications.

103.    The District admits that Mr. Allen has had various encounters with the police and denies the remaining allegations of paragraph 103.

104.    The District admits that Mr. Allen was arrested at least twice in the District of Columbia in 2000 for cocaine offenses.

105.    Admitted.

106.    The allegations in paragraph 106 of the Complaint contain legal conclusions.  To the extent a response is required, the District lacks sufficient information to admit or deny Plaintiff's characterization of the information available in the "D.C. court database" and denies the remaining allegations.

107.    The allegations in paragraph 107 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

108.    The allegations in paragraph 108 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

109.    Admitted.

110.    Admitted.

111.    The District lacks sufficient information to admit or deny Plaintiff's characterization of the information available in the "D.C. court database."  The District admits that Plaintiff resolved his gambling arrest through a post-and forfeit procedure and admits that the referenced text appears in the cited D.C. Code provision, which is the best evidence of its content. All remaining allegations are denied.

112.    The allegations in paragraph 112 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

113.    The allegations in paragraph 113 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

114.    The District admits that Plaintiff was arrested in 2006 for assault with a deadly

15

weapon and that the arrest did not result in an indictment or conviction. All remaining allegations are denied.

115.    The District responds that the Docket of the referenced case is the best evidence of proceedings in that matter and denies all other characterizations.

116.    The District admits that public records show that Plaintiff had not been indicted several months after his initial arrest; the Docket also reflects that, as of February 12, 2007, the "Court is satisfied with the Government's efforts in seeking Indictment in this case." The District further admits that public records show that Plaintiff's attorney filed a motion to dismiss the complaint against him on June 4, 2007. The Docket of the referenced case is the best evidence of proceedings in that matter. All remaining allegations are denied.

117.    The District admits that public records show that Plaintiff's motion to dismiss was granted on June 12, 2007. The Docket of the referenced case is the best evidence of proceedings in that matter. All remaining allegations are denied.

118.    The allegations in paragraph 118 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

119.    The allegations in paragraph 119 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

120.    The District responds that the Docket of the referenced case is the best evidence of proceedings in that matter and denies all other characterizations.

121.    The District responds that the Docket of the referenced case is the best evidence of proceedings in that matter and denies all other characterizations.

122.    The allegations in paragraph 122 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.

123.     The allegations in paragraph 123 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

124.     The allegations in paragraph 124 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that Plaintiff was arrested in 2014 "in D.C. for being a fugitive related to an armed robbery in Maryland" and denies all remaining allegations.

125.     The District responds that the Docket of the referenced case is the best evidence of proceedings in that matter and denies all other characterizations.

126.     The District responds that the Docket of the referenced case is the best evidence of proceedings in that matter and denies all other characterizations.

127.     The District responds that the Docket of the referenced case is the best evidence of proceedings in that matter and denies all other characterizations.

128.     The District lacks sufficient information to admit or deny the allegations in paragraph 128 of the Complaint.  To the extent a response is required, the District denies the allegations.

129.     The District admits that public records show the government entered a "nolle prosequi" for the referenced charges.  The Docket of the referenced case is the best evidence of proceedings in that matter.  All remaining allegations are denied.

130.     The allegations in paragraph 130 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

131.     The allegations in paragraph 131 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

**V.     MPD Revoked Mr. Allen's Firearm Registration and Concealed Pistol License Just Months After Issuing Them.**

132.     The District admits that MPD sent Plaintiff two letters dated October 31, 2019.  The

referenced letters are the best evidence of their contents.  All remaining allegations are denied.

133.    The District admits that one of the letters was signed by Lt. Colin Hall and that the other was not signed.  The referenced letters are the best evidence of their contents.  All remaining allegations are denied.

134.    The District admits that one of the letters said that Plaintiff's firearm registration certificate was being revoked.  The referenced letter is the best evidence of its contents.  All remaining allegations are denied.

135.    The District admits that Plaintiff's registration revocation letter listed a series of criminal charges against him.  The referenced letter is the best evidence of its contents.  All remaining allegations are denied.

136.    The District admits that Plaintiff's registration revocation letter listed "the 2014 fugitive arrest, the 2006 assault with a deadly weapon (ADW) arrest, the illegal gambling arrests in 2008 and 2006, and the two juvenile cocaine arrests in 2000."  The referenced letter is the best evidence of its contents.  All remaining allegations are denied.

137.    The allegations in paragraph 137 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

138.    The allegations in paragraph 138 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

139.    The District admits that one of the letters stated that Plaintiff's concealed pistol license was being revoked.  The referenced letter is the best evidence of its contents.  All remaining allegations are denied.

140.    The District admits that Plaintiff's concealed pistol license revocation letter listed "the same six criminal charges against [Plaintiff]" as those listed in his firearm registration

revocation letter.  The referenced letters are the best evidence of their contents.  All remaining allegations are denied.

141.    The allegations in paragraph 141 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

142.    The allegations in paragraph 142 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

143.    The District lacks sufficient knowledge and information to answer the allegations in the first sentence of paragraph 143 of the Complaint.  The allegations in the second sentence contain legal conclusions.  To the extent a response is required, the District denies the allegations.

**VI.    Mr. Allen Appealed Both Revocations.**

144.    Admitted.

145.    Admitted.

146.    The allegations in paragraph 146 of the Complaint contain legal conclusions. Because the Court has dismissed the claims against all individual defendants, no further response is required.

147.    The allegations in paragraph 147 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

148.    The allegations in paragraph 148 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

149.    The allegations in paragraph 149 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

150.    The allegations in paragraph 150 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

151.     The allegations in paragraph 151 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.  The referenced letter and dockets are the best evidence of their contents.

152.     The referenced letter is the best evidence of its content.  The District denies all other characterizations.

153.     Admitted.

154.     The allegations in paragraph 154 of the Complaint contain legal conclusions. To the extent a response is required, the District denies the allegations.  The referenced letter is the best evidence of its contents.

155.     The District admits the allegations in the first sentence of paragraph 155 of the Complaint.  The referenced letter is the best evidence of its contents.  The District denies all other characterizations and denies the remaining allegations of this paragraph.

**VII.   MPD Admitted Error and Reinstated Mr. Allen's Firearm Registration Certificate.**

156.     The District lacks sufficient information to admit or deny the allegations in paragraph 156 of the Complaint.

157.     The allegations in paragraph 157 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations and denies all alleged wrongdoing.

158.     The District admits that MPD received a letter dated January 31, 2020, from counsel for Plaintiff.  The referenced letter is the best evidence of its contents.  The District denies all other characterizations.

159.     Admitted.

160.     The District admits that the quoted text appears in the referenced letter, which is the best evidence of its contents.  The District denies all other characterizations.

161.     The District admits that the quoted text appears in the referenced letter, which is the best evidence of its contents.  The District denies all other characterizations.

162.     The District admits that the quoted text appears in the referenced letter, which is the best evidence of its contents.  The District denies all other characterizations.

163.     The allegations in paragraph 163 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations and denies all alleged wrongdoing.

164.     The District lacks sufficient information to admit or deny the allegations in paragraph 164 of the Complaint.

**VIII.   CPLRB Sought Answers from the MPD and Stayed the Appeal.**

165.     The District admits the allegations in paragraph 165 of the Complaint.  The referenced order is the best evidence of its contents.  The District denies all other characterizations.

166.     The allegations in paragraph 166 of the Complaint contain legal conclusions.  The referenced order is the best evidence of its contents.  The District denies all other characterizations.

167.     The District lacks sufficient information to admit or deny the allegations in paragraph 167 of the Complaint.

168.     The allegations in paragraph 168 of the Complaint contain legal conclusions.  The referenced order is the best evidence of its contents.  The District denies all other characterizations.

169.     The allegations in paragraph 169 of the Complaint contain legal conclusions.  The referenced order is the best evidence of its contents.  The District admits that the order quoted an MPD memorandum and that, at the time of the order, Plaintiff had not yet received the memorandum.  The District admits that MPD was later ordered by the CPLRB to produce the memorandum.  The District denies all remaining allegations.

170.     The District admits that the quoted text appears in the referenced order, which is the

best evidence of its contents.  The District denies all other characterizations.

171.    The District admits that the quoted text appears in the referenced letter, which is the best evidence of its contents.  The District denies all other characterizations.

172.    The District admits that the quoted text appears in the referenced letter, which is the best evidence of its contents.  The District denies all other characterizations.

## IX.    MPD Responded to the CPLRB Order and Produced a File Devoid of New Facts Justifying the Revocation.

173.    Admitted.

174.    The allegations in paragraph 174 of the Complaint contain legal conclusions.  The District admits that the quoted text appears in the referenced response and denies all other characterizations of that document, which is the best evidence of its content.

175.    The allegations in paragraph 175 of the Complaint contain legal conclusions.  The District admits that the quoted text appears in the referenced response and denies all other characterizations of that document, which is the best evidence of its content.

176.    The allegations in paragraph 176 of the Complaint contain legal conclusions.  To the extent a response is required, the allegations are denied.

177.    The allegations in paragraph 177 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced response and denies all other characterizations.

178.    The allegations in paragraph 178 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced response and denies all other characterizations.

179.    The allegations in paragraph 179 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced

response and denies all other characterizations.

180.    The allegations in paragraph 180 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced response and denies all other characterizations.

181.    The allegations in paragraph 181 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced response and denies all other characterizations.

182.    The allegations in paragraph 182 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced response and denies all other characterizations.

183.    The allegations in paragraph 183 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced response and denies all other characterizations.

184.    The allegations in paragraph 184 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced response and denies all other characterizations.

185.    The allegations in paragraph 185 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

186.    The allegations in paragraph 186 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

187.    Admitted.

188.    The allegations in paragraph 188 of the Complaint contain legal conclusions.  The District admits that the referenced file is 17 pages long; the referenced file is the best evidence of its

contents. The District denies all other characterizations.

189.    The allegations in paragraph 189 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

190.    The allegations in paragraph 190 of the Complaint contain legal conclusions.  To the extent a response is required, the states that the referenced memorandum is the best evidence of its contents and denies all other characterizations.

191.    The allegations in paragraph 191 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced FBI document and denies all other characterizations.

## X.    Mr. Allen Filed a Reply in Support of His Appeal and Demanded a Hearing.

192.    The District admits that, on March 26, 2020, Plaintiff's counsel filed a reply to the CPLRB Order; the reply is the best evidence of its contents.  The District denies all other characterizations.

193.    The allegations in paragraph 193 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

194.    The allegations in paragraph 194 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced reply and denies all other characterizations.

195.    The allegations in paragraph 195 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

196.    The allegations in paragraph 196 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced reply and denies all other characterizations.

197.     The allegations in paragraph 197 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced reply and denies all other characterizations.

**XI.     CPLRB Affirmed the MPD's Revocation.**

198.     Admitted.

199.     The allegations in paragraph 199 of the Complaint contain legal conclusions.  To the extent a response is required, the District states that the referenced decision is the best evidence of its contents and denies all other characterizations.

200.     The allegations in paragraph 200 of the Complaint contain legal conclusions.  To the extent a response is required, the District states that the referenced decision is the best evidence of its contents and denies all other characterizations.

201.     The allegations in paragraph 201 of the Complaint contain legal conclusions.  To the extent a response is required, the District states that the referenced decision is the best evidence of its contents and denies all other characterizations.

202.     The District admits that the CPLRB voted to deny Plaintiff's appeal of the revocation of his concealed pistol license.

203.     The allegations in paragraph 203 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

204.     The allegations in paragraph 204 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

205.     Admitted.

206.     The allegations in paragraph 206 of the Complaint contain legal conclusions.  To the extent a response is required, the District states that the referenced decision is the best evidence of

its contents and denies all other characterizations.

207.    The allegations in paragraph 207 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced decision and denies all other characterizations.

208.    The allegations in paragraph 208 of the Complaint contain legal conclusions.  To the extent a response is required, the District states that the referenced decision is the best evidence of its contents and denies all other characterizations.

209.    The allegations in paragraph 209 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced decision and denies all other characterizations.

210.    The allegations in paragraph 210 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced decision and denies all other characterizations.

211.    The allegations in paragraph 211 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced decision and denies all other characterizations.

212.    The allegations in paragraph 212 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced decision and denies all other characterizations.

213.    The allegations in paragraph 213 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced decision and denies all other characterizations.

214.    The allegations in paragraph 214 of the Complaint contain legal conclusions.  To the

extent a response is required, the District states that the referenced decision is the best evidence of its contents and denies all other characterizations.

215.    The allegations in paragraph 215 of the Complaint contain legal conclusions.  To the extent a response is required, the District states that the referenced decision is the best evidence of its contents and denies all other characterizations.

216.    The allegations in paragraph 216 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations and denies all alleged wrongdoing.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION (AGAINST ALL DEFENDANTS)
### 42 U.S.C. § 1983 – Fifth Amendment of the U.S. Constitution

217.    The District need not answer paragraphs 217 through and including 260 of the Complaint because they are in support of claims that were dismissed by the Court.  To the extent a response is required, the allegations are denied.

### SECOND CAUSE OF ACTION (AGAINST ALL DEFENDANTS)
### 42 U.S.C. § 1983 — Second Amendment of the U.S. Constitution — Concealed Pistol License

261.    The District incorporates its responses to paragraphs 1 through 260.

262.    The allegations in paragraph 262 of the Complaint contain legal conclusions.  To the extent a response is required, the District admits that the quoted text appears in the referenced decisions and denies all other characterizations.

263.    The allegations in paragraph 263 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

264.    The allegations in paragraph 264 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

265.    The allegations in paragraph 265 of the Complaint contain legal conclusions.  To the

extent a response is required, the District denies the allegations.

266.    The District admits that, on October 31, 2019, MPD sent a Notice of Revocation to Plaintiff informing him that MPD was revoking his concealed pistol license.

267.    The allegations in paragraph 267 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

268.    The allegations in paragraph 268 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

269.    The allegations in paragraph 269 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

270.    The District admits that Plaintiff appealed the revocation of his concealed pistol license on November 19, 2019, and the CPLRB affirmed that revocation on May 2, 2020.

271.    The allegations in paragraph 271 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

272.    The allegations in paragraph 272 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

273.    The allegations in paragraph 273 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

### THIRD CAUSE OF ACTION (AGAINST D.C. AND CPLRB DEFENDANTS)
### D.C. Code § 2-509 — D.C. Administrative Procedure Act — No Hearing

274.    The District need not answer paragraphs 274 through and including 311 of the Complaint because they are in support of claims that were dismissed by the Court.  To the extent a response is required, the allegations are denied.

## EIGHTH CAUSE OF ACTION (AGAINST ALL DEFENDANTS)
### Damages — Compensatory, Nominal, and Punitive

312.    The District incorporates its responses to paragraphs 1 through 311.

313.    The allegations in paragraph 313 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

314.    The allegations in paragraph 314 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

315.    The allegations in paragraph 315 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

316.    The allegations in paragraph 316 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

317.    The allegations in paragraph 317 of the Complaint contain legal conclusions.  To the extent a response is required, the District denies the allegations.

## PRAYER FOR RELIEF

318.    The District denies that Plaintiff is entitled to any equitable, declaratory, or monetary relief, including any form of relief sought in this action, as enumerated in paragraph 318 of the Complaint or otherwise.  The District requests judgment in its favor, an award of the costs of this action, and such additional relief as the Court may deem appropriate.

\* \* \*

## SET-OFF

The District asserts a set-off against any judgment entered against it in this action for all funds and services provided to or on behalf of Plaintiff by any public assistance program.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), the District demands a jury trial on every issue in this

action that is triable of right by a jury.

Dated:  April 28, 2023.                                    Respectfully submitted,

                                                          BRIAN L. SCHWALB
                                                          Attorney General for the District of Columbia

                                                          STEPHANIE E. LITOS
                                                          Deputy Attorney General
                                                          Civil Litigation Division

                                                          */s/ Matthew R. Blecher*
                                                          MATTHEW R. BLECHER [1012957]
                                                          Chief, Civil Litigation Division, Equity Section

                                                          */s/ Richard P. Sobiecki*
                                                          RICHARD P. SOBIECKI [500163]
                                                          Assistant Attorney General
                                                          ANDREW J. SAINDON [456987]
                                                          Senior Assistant Attorney General
                                                          400 Sixth Street, N.W., Suite 10100
                                                          Washington, D.C. 20001
                                                          Phone: (202) 805-7512; (202) 724-6643
                                                          Fax: (202) 730-1470
                                                          richard.sobiecki@dc.gov;
                                                          andy.saindon@dc.gov

                                                          *Counsel for Defendants*