UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINWOOD ALLEN**<br><br>**Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | No. 1:20-cv-02453-TSC |

### NOTICE OF PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 54(b) OR RULE 60(B)(1)

**PLEASE TAKE NOTICE** that Plaintiff Linwood Allen, by and through his undersigned counsel, is filing a Motion for Relief Under Rule 54(b) or Rule 60(B)(1).

Date: March 13, 2024

Respectfully submitted,

*/s/ Jenna H. Pavelec*
Jenna H. Pavelec (D.C. Bar No. 1614398)
Matthew R. Skanchy (D.C. Bar No. 1045601)
Kieran Gostin (D.C. Bar No. 1019779)
Tania Martinez (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor Washington, D.C. 20036
Telephone: (202) 847-4000
Fax: (202) 847-4005
jpavelec@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
tmartinez@wilkinsonstekloff.com
qweinstein@wilkinsonstekloff.com

Owen Gallogly (*pro hac vice*)
Pirzada Ahmad (*pro hac vice*)
Wilkinson Stekloff LLP
130 W 42nd Street, 24th Floor,
New York, NY 10036
Telephone: (212) 294-8917
Fax: (202) 847-4005
ogallogly@wilkinsonstekloff.com
pahmad@wilkinsonstekloff.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LINWOOD ALLEN, | |
|     Plaintiff, | Civil Action No. 20-02453 (TSC) |
| v. | |
| THE DISTRICT OF COLUMBIA, *et al.*, | |
|     Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 54(b) OR RULE 60(B)(1)**

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................1

LEGAL STANDARD .....................................................................................................................2

ARGUMENT ...................................................................................................................................3

    I.      It Was A Clear Error To Dismiss The Claims For Injunctive Relief Against The Individual Government Officials. .............................................................................3

    II.     It Was A Clear Error To Dismiss As Moot The Claims For Damages Based On The District's Revocation Of Mr. Allen's Firearm Registration. .....................................7

CONCLUSION ................................................................................................................................8

**INTRODUCTION**

In 2019, Mr. Linwood Allen sued the District of Columbia ("D.C") and various D.C. officials ("the Individual Defendants") for unconstitutionally revoking his firearm registration and concealed-pistol license. The crux of Mr. Allen's lawsuit is that Defendants revoked his registration and license based on a "deliberate and principled change" in D.C.'s interpretation of what it means to exhibit "a propensity for violence" under the relevant municipal firearm regulations. *See* Mem. Op. re: Defs.' Mot. To Dismiss 7, ECF No. 29 ["MTD Op."]. Under this new policy interpretation, Defendants apparently determined that Mr. Allen's history of arrests alone "exhibited a propensity for violence or instability"—even though those arrests had not resulted in conviction and the most serious charges against Mr. Allen had been dropped by the Government after further investigation revealed that he had not committed the crimes of which he had been accused. *Id.* at 4, 7.

Mr. Allen first sought relief for the revocations through D.C.'s administrative process. While that process was ongoing, D.C. admitted that its revocation of Mr. Allen's firearm registration was "an error" but adhered to its decision to revoke his concealed-pistol license. *Id.* at 6.

At the conclusion of the administrative process, faced with the ongoing deprivation of his constitutional rights, Mr. Allen filed a federal lawsuit under Section 1983. In his Complaint, Mr. Allen sought appropriate injunctive relief and damages against both D.C. and the Individual Defendants. With respect to injunctive relief, Mr. Allen specifically requested relief in the form of an "order enjoining Defendants' unlawful policy, which apparently presumes that a history of unproven and/or irrelevant criminal charges necessarily means that a registration holder has a 'propensity for violence'"; an "order enjoining Defendants from enforcing the revocation of Mr. Allen's concealed pistol license"; and/or an "order directing Defendants to reinstate Mr. Allen's concealed pistol license, or, in the alternative, directing Defendants to reanalyze Mr. Allen's qualifications for possessing a concealed pistol license in accordance with this Court's orders, the law, and the evidence currently

available in Defendants' files, and to issue a revised decision within 30 days." Compl. ¶ 318(a)–(c), ECF No. 1.

Defendants moved to dismiss. On March 31, 2023, the Court granted that motion in part and denied it in part. Specifically, the Court denied "Defendants' motion to dismiss as to Allen's Second Amendment and Damages claims against D.C. (Counts two and eight)." MTD Op. 26. As relevant for purposes of the present motion, however, the Court dismissed Mr. Allen's claims regarding his firearm registration as moot and dismissed his claims against the Individual Defendants under the doctrine of qualified immunity. *See* MTD Op. 9–10, 21.

Mr. Allen now seeks this Court's reconsideration of two narrow points in its March 31, 2023 Order under Federal Rule of Civil Procedure 54(b) or, in the alternative, Rule 60(b)(1). *First*, Mr. Allen contends that the Court mistakenly dismissed his claims for injunctive relief against the Individual Defendants, as the qualified-immunity doctrine does not apply to claims for injunctive relief. *Second*, Mr. Allen contends that the Court mistakenly dismissed his claims regarding his firearm registration as moot, as he still is entitled to compensatory and nominal damages for the six-month deprivation of the firearm registration to which he was constitutionally entitled.

Defendants intend to oppose this motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) "governs reconsideration of non-final decisions." *Ferrer v. CareFirst, Inc.*, 278 F. Supp 3d 330, 332 (D.D.C. 2017). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Rule 54(b) relief may be granted "as justice requires." *Bernier v. Trump*, 299 F. Supp. 3d 150, 156 (D.D.C. 2018) (quoting *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir 2011)). Rule 54(b) relief is warranted where a

2

movant demonstrates "a clear error in the first order.'" *Id.* (quoting *Ferrer*, 278 F. Supp 3d at 332). A clear error includes the "fail[ure] to consider controlling decisions," including those of "the Supreme Court or this Circuit." *Said v. Amtrak*, 390 F. Supp 3d 46, 52 (D.D.C. 2019). [1]

## ARGUMENT

Mr. Allen respectfully requests the Court's correction of two clear legal errors in its Order Granting In Part and Denying In Part Defendants' Motion To Dismiss. *First*, to the extent the Court dismissed Mr. Allen's claims for injunctive relief against the Individual Defendants on the basis of qualified immunity, Mr. Allen respectfully contends that was a clear legal error, because the qualified-immunity doctrine does not apply to claims for injunctive relief. *Second*, Mr. Allen contends it was a clear legal error to dismiss his claims regarding his firearm registration as moot, as he still is entitled to compensatory and nominal damages for the past constitutional injury.

### I. It Was A Clear Error To Dismiss The Claims For Injunctive Relief Against The Individual Government Officials.

In its March 31, 2023 Order, the Court dismissed Mr. Allen's claims against the Individual Defendants in their personal capacities "under a theory of qualified immunity." MTD Op. 21. Although the Court did not specifically address Mr. Allen's claims for injunctive relief as to the Individual Defendants, the Court appears to have dismissed *all* claims as to the Individual Defendants—including the claims for injunctive relief. Mr. Allen respectfully submits that was a clear

---

[1] Should the court determine its March 31, 2023 Order on Defendants' Motion to Dismiss was a final order as to the Individual Defendants and claim addressed in this motion, Mr. Allen alternatively presents these substantive arguments under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) allows relief based on, among other things a "judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 530 (2022). Motions under Rule 60(b)(1) must be filed "within a reasonable time" that is "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The present motion was filed within a reasonable time after the Court's March 31, 2023 Order on Defendant's Motion to Dismiss and before March 31, 2024. In addition, Mr. Allen recognizes that the Court stayed these proceedings on February 1, 2024. *See* Stay Order 1, ECF No. 52. Mr. Allen nonetheless files this Motion now to comply with the timing requirements of the Federal Rules of Civil Procedure 60.

error: the doctrine of qualified immunity does not shield government officials from suits for injunctive relief.[2]

It is well-established that the qualified-immunity defense applies only to claims for damages—not claims for injunctive relief. *See, e.g.*, *Pearson v. Callahan*, 555 U.S. 223, 242 (2009) (explaining that a qualified immunity "defense is not available" in "§ 1983 cases against individuals where injunctive relief is sought instead of or in addition to damages."); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) (same); *Kalka v. Hawk*, 215 F.3d 90, 97 (D.C. Cir. 2000) ("While defendants to injunction actions may raise defenses that avoid the constitutional issue, they may not interpose the defense of qualified immunity."); *Meredith v. Fed. Mine Safety & Health Rev. Comm'n*, 177 F.3d 1042, 1049 (D.C. Cir. 1999) (same). District courts regularly dismiss claims for damages against government officials, while allowing claims for injunctive relief premised on the same underlying facts and legal theories to proceed. *See, e.g.*, *Garcia v. Montgomery Cnty.*, 145 F. Supp. 3d 492, 512 (D. Md. 2015) (dismissing damages claims on qualified-immunity grounds but permitting equitable claims to proceed); *Mead v. Smith*, No. 13-CV-4017-DEO, 2015 WL 12990197, at *2 (N.D. Iowa Aug. 13, 2015) (dismissing damages claims on qualified-immunity grounds but permitting injunctive claims to proceed); *Pyatt v. Byars*, No. CIV.A. 9:12-266-MGL, 2014 WL 2719310, at *11 (D.S.C. June 16, 2014) (same).

When resolving Defendants' Motion to Dismiss, the Court held that Mr. Allen had "adequately pleaded" a Second Amendment claim, and thus denied the Motion with respect to that claim. MTD Op. 18. The Court nonetheless went on to conclude that the Individual Defendants "are immune from suit in their personal capacities under a theory of qualified immunity" and therefore dismissed all claims against the Individual Defendants. *Id.* at 21. Although the Court did not

---

[2] For purposes of the present motion, Mr. Allen ask this Court to reconsider only its holding with respect to its dismissal of Mr. Allen's injunctive claims against the individual government officials in their personal capacities. Mr. Allen preserves the right on appeal to challenge the Court's qualified-immunity analysis more broadly.

specifically discuss Mr. Allen's injunctive claims as to the Individual Defendants, the Court dismissed *all* claims as to the Individual Defendants.[3] *See* MTD Op. 26 (concluding that the Court would deny only "Defendants' motion to dismiss as to Allen's Second Amendment and Damages claims *against D.C.*" (emphasis added)); Mem. Op. re: Motion for Stay 1, ECF No. 51 ("[T]he court dismissed all defendants except the District and all claims except Allen's Second Amendment challenge to the revocation of his CPL."); *see also* Case Docket (describing Individual Defendants as "Terminated: 03/31/2023").

In his Complaint, Mr. Allen sought *both* injunctive relief and damages to remedy the ongoing violation of his Second Amendment rights. *See, e.g.*, Compl. ¶ 318(b), ECF No. 1, ("An order enjoining Defendants from enforcing the revocation of Mr. Allen's concealed pistol license"); ¶ 318(c) ("An order directing Defendants to reinstate Mr. Allen's concealed pistol license, or, in the alternative, directing Defendants to reanalyze Mr. Allen's qualifications for possessing a concealed pistol license in accordance with this Court's orders, the law, and the evidence currently available in Defendants' files, and to issue a revised decision within 30 days"). And he sought injunctive relief against *all* Defendants, including the Individual Defendants. Moreover, in the motion-to-dismiss briefing, Mr. Allen argued that the Individual Defendants' assertion of qualified immunity could extend only to his claims for damages—not his claims for injunctive or declaratory relief to stop the continued violation of his Second Amendment rights. *See* Pl.'s Opp. To Defs.' Mot. To Dismiss 40, ECF No. 24.

---

[3] To the extent that the Court intended to dismiss only Mr. Allen's claims for damages against the Individual Defendants, then Mr. Allen respectfully requests the Court clarify that portion of its ruling and update the docket to indicate that the Individual Defendants remain parties to this case with respect to Mr. Allen's claims for injunctive relief. *See* Fed. R. Civ. P. 54(b) (allowing the alteration of a nonfinal order at "any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities); Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.").

5

Defendants conspicuously failed to respond to that argument in their reply. *See* Defs.' Reply In Supp. Of Mot. To Dismiss 19, ECF. No. 25.

Mr. Allen seeks injunctive and declaratory relief against both the municipality and the Individual Defendants, because regardless whether his license was revoked pursuant to an unconstitutional District policy or as a result of an individual's unconstitutional action, he is entitled to equitable relief to stop the continued violation of his Second Amendment rights. To be sure, this Court has already indicated that Defendants' revised interpretation of the suitability regulation constituted a "policy" for purposes of *Monell* liability. MTD Op. 23 ("Although Defendants do not call it a policy, their revised interpretation is most certainly one."). Mr. Allen agrees with the Court's analysis and believes that his license was revoked pursuant to Defendants' unconstitutional policy. That said, Mr. Allen contends that even if the revocation was not pursuant to a municipal policy, that revocation was still unconstitutional. And therefore, even if Mr. Allen cannot pursue damages for that constitutional violation against the Individual Defendants, he would still be entitled to injunctive or declaratory relief to prevent the Individual Defendants from continuing to violate his Second Amendment rights.

Because qualified immunity does not shield the Individual Defendants from claims for injunctive relief, *see Pearson*, 555 U.S. at 242, and because Mr. Allen's claims for injunctive relief to remedy the ongoing Second Amendment violation otherwise survived, *see* MTD Op. 18, the Court should not have dismissed his claims for injunctive relief against the Individual Defendants. Therefore, to the extent that the Court dismissed Mr. Allen's claims for injunctive relief against the Individual Defendants, it was a clear legal error that should be corrected under Rule 54(b). *See Bernier*, 299 F. Supp. 3d at 156.

## II. It Was A Clear Error To Dismiss As Moot The Claims For Damages Based On The District's Revocation Of Mr. Allen's Firearm Registration.

In its March 31, 2023 Order, the Court also dismissed Mr. Allen's claims regarding the revocation of his firearm registration on mootness grounds. *See* MTD Op. 9–10. The Court reasoned that because "MPD fully reinstated the firearm registration certification," Mr. Allen's challenges to its revocation were moot. *Id.* Mr. Allen respectfully submits that the dismissal was in error: Because he seeks compensatory and nominal damages for the past constitutional injury caused by the wrongful revocation, his claims regarding the revocation of his firearm registration are still live. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021).

A case becomes moot where "in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief." *Id.* But as the Supreme Court has explained, "nominal damages provide the necessary redress for a completed violation of a legal right." *Id.* at 802. In other words, "a plaintiff's request for nominal damages can satisfy the redressability requirement for Article III standing and can keep an otherwise moot case alive." *Id.* (Kavanaugh, J., concurring).

In his Complaint, Mr. Allen requested both compensatory and nominal damages for the past constitutional injury caused by the wrongful revocation of his firearm registration. As a result, it makes no difference that "MPD fully reinstated [Mr. Allen's] firearm registration certification." MTD Op. 9. Defendants violated Mr. Allen's Second Amendment rights by revoking his registration certification in the first place, and Mr. Allen properly sought compensatory and nominal damages for that injury. *See* Compl. ¶¶ 315 ("As a direct result of Defendants' actions, Mr. Allen suffered impairment of reputation, humiliation, and mental anguish. Mr. Allen is therefore entitled to compensatory damages."); 316 ("[B]ecause Mr. Allen's firearm registration certificate and concealed pistol license were unconstitutionally revoked, Mr. Allen is entitled to nominal damages."). The question of whether he is entitled to nominal and compensatory damages remains a live issue. That question is not merely academic: Even an award of nominal damages is sufficient to make a § 1983 plaintiff a "prevailing

party" entitled to recover attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603-04 (2001); *Farrar v. Hobby*, 506 U.S. 103, 111–13 (1992).

Therefore, the Court's dismissal of Mr. Allen's claims regarding the revocation of his firearm registration on mootness grounds was a clear legal error that should be corrected under Rule 54(b). *See Bernier*, 299 F. Supp. 3d at 156.

## CONCLUSION

The Court should grant relief under Rule 54(b) or 60(b)(1) and amend its Order to clarify:

- Mr. Allen may pursue his Second Amendment claims for injunctive relief against the Individual Defendants in their personal capacities (Count 2); and

- Mr. Allen may pursue claims for compensatory and nominal damages based on D.C.'s revocation of his firearm registration (Counts 2 and 8).

Dated: March 13, 2024                    Respectfully submitted,

*/s/ Jenna H. Pavelec*
Jenna H. Pavelec (D.C. Bar No. 1614398)
Matthew R. Skanchy (D.C. Bar No. 1045601)
Kieran Gostin (D.C. Bar No. 1019779)
Tania Martinez (*pro hac vice*)
Quinton Weinstein (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4000
Fax: (202) 847-4005
jpavelec@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com
tmartinez@wilkinsonstekloff.com
qweinstein@wilkinsonstekloff.com

Owen Gallogly (*pro hac vice*)
Pirzada Ahmad (*pro hac vice*)
WILKINSON STEKLOFF LLP

8

130 W 42nd Street, 24th Floor,
New York, NY 10036
Telephone: (212) 294-8917
Fax: (202) 847-4005
ogallogly@wilkinsonstekloff.com
pahmad@wilkinsonstekloff.com

*Counsel for Linwood Allen*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 13th day of March 2024, a true and correct copy of the foregoing document was served upon the parties in this case via the Court's electronic filing system and is available for viewing and downloading from the ECF system.


Dated: March 13, 2024                              By: */s/ Jenna H. Pavelec*
                                                                    Jenna H. Pavelec