UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINWOOD ALLEN,<br><br>        Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, *et al.,*<br><br>        Defendants. | Civil Action No. 20-02453 (TSC) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS
MOTION FOR RELIEF UNDER RULE 54(b) OR RULE 60(B)(1)**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

    I.    It Was A Clear Error To Dismiss The Claims For Injunctive Relief Against The Individual Government Officials. ...................................................................................... 3

    II.    It Was A Clear Error To Dismiss As Moot The Claims For Damages Based On The District's Revocation Of Mr. Allen's Firearm Registration. ...................................................... 7

CONCLUSION .............................................................................................................................. 11

**INTRODUCTION**

For an opposition brief, Defendants' submission does curiously little opposing. In filing the instant motion, Mr. Linwood Allen respectfully requested that this Court reconsider two clear legal errors in its March 31, 2023, Motion to Dismiss Order, namely its decisions to (1) dismiss Mr. Allen's claims for injunctive relief against various District of Columbia officers on qualified-immunity grounds and (2) dismiss as moot Mr. Allen's claims for damages based on the District's revocation of his firearms registration certificate. Rather than contest either of Mr. Allen's requests on the legal merits, Defendants pivot to new legal and factual arguments that have never been raised or briefed in the nearly six-year history of this litigation. The Court should reject Defendants' transparent attempt to avoid the legal merit of Mr. Allen's motion by relying on these novel alternative arguments, which in any event fail to counter the clear error in dismissing Mr. Allen's claims.

The crux of this case is straightforward: the District of Columbia and various D.C. officials ("the Individual Defendants") violated Mr. Linwood Allen's constitutional rights when they revoked (and refused to reinstate) his firearm registration certificate and concealed pistol license. Among other reasons, those revocations were unconstitutional because the District and the Individual Defendants relied solely upon Mr. Allen's history of arrests without conviction in determining that he was not "suitable" to bear arms, a restriction of his Second Amendment rights that is wholly inconsistent with this Nation's history and tradition of firearm regulation. On March 31, 2023, the Court granted in part and denied in part Defendant's Motion to Dismiss, finding that Mr. Allen had adequately pleaded his "Second Amendment and Damages claims against D.C. (Counts two and eight)." Mem. Op. re: Defs.' Mot. To Dismiss at 26, ECF No. 29 ["MTD Op."].

In the instant motion, Mr. Allen requests that this Court reconsider two aspects of its Motion to Dismiss order and permit him to fully pursue vindication of his Second Amendment rights.

1

*First*, Mr. Allen respectfully contends that it was clear legal error to dismiss his claims for injunctive relief against the Individual Defendants on the basis of qualified immunity. MTD Op. at 18–21. Defendants make no effort to defend this portion of the Court's Order; on the contrary, they do not dispute that qualified immunity is inapplicable to suits seeking injunctive relief. *See* Defs.' Opp. to Pltf.'s Mot. for Relief Under R. 54(b) or R. 60(b)(1) at 7, ECF No. 62 ["Opp. to Pltf.'s Mot. for Relief"]. Instead, Defendants proceed to advance a new legal theory as an alternative ground to dismiss these equitable claims, and they rely on facts outside the four corners of the complaint in support of that theory. *See* Opp. to Pltf.'s Mot. for Relief 8–9; *see also* Defendants' Mot. to Dismiss Plaintiff's Compl. 39–41, ECF No. 22-1 ["Mot. to Dismiss"]. In other words, Defendants misuse their opposition brief as an opportunity to submit what amounts to a renewed motion to dismiss and an improper motion for summary judgment. Beyond being untimely, Defendants' new theory—that injunctive relief is *never* available in 42 U.S.C. § 1983 suits against government officials in their individual capacities—is legally untenable here, as it threatens to leave Mr. Allen without any effective remedy for an ongoing violation of his constitutional rights.

*Second*, Mr. Allen contends that it was a clear legal error to dismiss as moot his damages claims regarding Defendants' unconstitutional revocation of his firearm registration certificate, as he is entitled to both compensatory and nominal damages for the past constitutional injury of having his registration certificate revoked for several months. Once again, Defendants effectively concede that Mr. Allen is correct as a matter of law, acknowledging that "damages for a past constitutional injury may keep an otherwise moot case alive." Opp. to Mot. for Relief at 15. That concession is dispositive for purposes of this motion, and Defendants' argument to the contrary, which rests entirely on the confusing assertion that the District never actually revoked Mr. Allen's registration certificate in the first place, is at best mistaken, at worst misleading, and surely new. The Court should accordingly

amend its motion to dismiss order to clarify that Mr. Allen may pursue his compensatory and nominal damages claims based on Defendants' revocation of his firearm registration.

## I. It Was A Clear Error To Dismiss The Claims For Injunctive Relief Against The Individual Government Officials.

There was no legal basis for this Court to dismiss Mr. Allen's claims for injunctive relief against the Individual Defendants. To begin with, by Defendants' own admission, they did not even move to dismiss these claims, because they do not believe Mr. Allen raised them. Defendants contend that the "Court understandably did not more specifically address personal-capacity claims for injunctive relief because Allen did not specify that he was seeking injunctive relief against the individual Defendants in their *personal* capacities." Opp. to Mot. for Relief 7. But that is wrong. In Mr. Allen's prayer for relief, he explicitly requested an injunctive order against *all* Defendants: "enjoining Defendants from enforcing the revocation of Mr. Allen's concealed pistol license," "directing Defendants to reinstate Mr. Allen's concealed pistol license," and/or "directing Defendants to reanalyze Mr. Allen's qualifications for possessing a concealed pistol license in accordance with this Court's orders, the law, and the evidence." Compl. ¶ 318, ECF No. 1 ["Compl."]. And Mr. Allen reiterated that position in his motion-to-dismiss briefing: "even if the individual Defendants were entitled to qualified immunity, that immunity would extend only to Mr. Allen's request for damages—not Mr. Allen's request for injunctive or declaratory relief to stop Defendants' continued violation of his Second Amendment rights." *See* Pl.'s Opp. To Defs.' Mot. To Dismiss 38, ECF No. 24.[1] In Defendants' motion-to-dismiss briefing, they argued only that "[t]he Individual Defendants Are Entitled to Qualified Immunity," Mot. to Dismiss at 39–41, but, in their present opposition, they concede that while "[q]ualified immunity barred the claims against them in their personal capacities for damages," "qualified immunity is irrelevant when it comes to personal-capacity suits for injunctive

---

[1] Notably, Defendants did not respond to this argument in their reply brief in support of their motion to dismiss. *See, e.g.*, Defs. Reply In Support Of Mot. To Dismiss 19, ECF 25.

3

relief," Opp. to Mot. for Relief 7–9.  In other words, the only argument that Defendants made to dismiss the Individual Defendants had no bearing on Mr. Allen's claims for injunctive relief.

With no response to Mr. Allen's valid assertion of legal error, Defendants instead for the first time—nearly four years after they filed their 12(b)(6) motion—seek to dismiss Mr. Allen's claims for injunctive relief against the Individual Defendants on entirely different grounds than qualified immunity.  Defendants now maintain that injunctive relief is categorically unavailable against a government officer in their individual capacity, even when that officer perpetrates an ongoing constitutional wrong under color of state law.  To be sure, Defendants' new legal theory is supported by some (non-controlling) authorities, but it is improper to raise it in this posture and indefensible when applied to the facts of this case.  If these arguments had been advanced in Defendants' motion to dismiss, the parties would have fully briefed and litigated them for the Court's consideration.  That did not happen, and Defendants have thus forfeited this argument.  *See Lovely-Coley v. D.C.*, 255 F. Supp. 3d 1, 9 (D.D.C. 2017) ("motions for reconsideration are not vehicles for . . . presenting arguments that should have been raised previously with the court").  Instead, the Court should consider whether it was clear error to dismiss Mr. Allen's claims for injunctive relief against the Individual Defendants on the basis of qualified immunity.  And because the answer to that question is yes, the Court should grant Mr. Allen's motion and reinstate the Individual Defendants.

Even if the Court accepts Defendants' invitation to consider their improperly presented and untimely request to dismiss the Individual Defendants, it should reject the underlying legal theory as an impermissibly cramped reading of Section 1983 in this context.  Accepting Defendants' theory as they have articulated it could leave Mr. Allen with no means of pursuing equitable relief to remedy the Individual Defendants' ongoing violation of his Second Amendment rights.  As this Court held in its motion to dismiss order, to obtain equitable relief against the District itself, Mr. Allen must show that an official "custom or policy" led to his constitutional injury.  MTD Op. at 22 (citing *Baker v. District*

4

*of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)).  Yet throughout this litigation, Defendants have continued to claim—however implausibly—that no "'custom or practice' of the District . . . led to the purported violation," Mot. to Dismiss at 3, despite the fact that the MPD itself cited its "deliberate and principled change" in interpretation of the "suitability" standard in the administrative appeal to sustain the District's ongoing infringement of Mr. Allen's Second Amendment rights.  *See* MTD Op. at 25; *see also* MTD Op. at 23 ("Although Defendants do not call it a policy, their revised interpretation is most certainly one").  Put simply, Defendants want to have their cake and eat it too.  When Mr. Allen asks for injunctive relief against the District directly, Defendants say that remedy is unavailable because no official policy or custom caused his injury.  When Mr. Allen instead asks for relief against the Individual Defendants in their personal capacities, which typically does not require establishing an official custom or policy, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985), Defendants say that remedy is also unavailable because Section 1983 does not permit individual capacity actions for injunctive relief.  Thus, under the Defendants' theory of Section 1983, there can be situations in which a government officer acts under the color of law to subject someone to an ongoing violation of their constitutional rights, but that person has no equitable remedy whatsoever.  That cannot be the law.

Of course, if Mr. Allen prevails in showing that his constitutional injury was indeed caused by the District's revised "suitability" policy, then the Court need not enjoin the Individual Defendants to grant him effective equitable relief.  Indeed, it is hard to see how if a plaintiff established that they were subject to an ongoing constitutional violation at the hands of government officials, those officials would not be acting pursuant to a custom or policy sufficient to establish *Monell* liability.  And that describes Mr. Allen's Second Amendment injuries: they are ongoing and continuous because his concealed pistol license was unconstitutionally revoked by the District and the Individual Defendants and has never been reinstated.  Thus, it is evident that—if Mr. Allen proves that ongoing violation— he should be able to obtain an injunction against the District directly under *Monell*.  But given that

5

Defendants insist otherwise, at this stage of the litigation, maintaining Mr. Allen's individual-capacity injunctive relief claims is necessary to protect his ability to pursue equitable relief for his constitutional injuries. Put differently, the Court should reject Defendants' attempt to use the Rule 54(b) posture to posit new FRCP 12(b)(6) theories to bit-by-bit eliminate all of Mr. Allen's remedial options.

To be sure, Defendants cite caselaw in support of their position, but the Court should decline to rely on those non-controlling precedents in light of the consequences of Defendants' position in this case, the Defendants' failure to move to dismiss the claims for individual-capacity injunctive relief in the first instance, and the existence of contrary authorities that support Mr. Allen's position.[2] For example, courts have recognized that "[u]nder § 1983, plaintiffs may sue state employees in their 'official' capacity (so long as it is for prospective injunctive relief), state employees in their 'personal' capacity (for monetary damages or injunctive relief), and private parties who acted under color of state law." *Lufkin v. Hamilton*, 2010 WL 908928, at *6 (E.D. Tenn. Mar. 12, 2010) (citing *Graham*, 473 U.S. at 166–167); *see also Rattan v. Knox Cnty. Sherrif's Off.,* 2012 WL 6626143, at *2 (E.D. Tenn. Dec. 19, 2012) (same); *Bonds v. McCain*, 2021 WL 1343572, at *2 (W.D. La. Mar. 8, 2021), *report and recommendation adopted*, 2021 WL 1342723 (W.D. La. Apr. 9, 2021) (permitting Section 1983 injunctive relief claim brought against correctional facility officers in their individual capacities).

Defendants remaining scattershot arguments are unavailing. Reapplying for a concealed-pistol license at this point is unlikely to remedy Mr. Allen's constitutional injury; nothing stops Defendants from denying that application on the same unconstitutional grounds. Defendants' argument that no

---

[2] Defendants preemptively address the fact that "this is an issue with authority on both sides" by arguing that choosing one side does not constitute a clear error. Opp. to Mot. for Relief at 8–9, n.3. But that ignores Defendants' failure to properly move to dismiss these individual-capacity injunctive relief claims on the theory now presented. Because of Defendants' strategic choices at the motion-to-dismiss phase, the Court was not presented with any valid basis for dismissing Mr. Allen's claims for injunctive relief against the Individual Defendants, and the theory that Defendants now advance was not briefed. And on the issue actually decided—whether qualified immunity shields the Individual Defendants from injunctive relief—there was a clear error as a matter of law here.

relief is available because Mr. Allen's license would have expired by now defies reason: the Court could order Mr. Allen's license to be reinstated such that it will be valid for two years, in accord with D.C. Code § 7-2509.03(a), or order the District not to apply its unconstitutional policy when assessing Mr. Allen's future applications.  And Defendants' arguments concerning the alleged factual circumstances of the Individual Defendants' current statuses are improper for consideration in this posture, as they are factual arguments outside the four corners of the complaint and are alleged without the benefit of discovery.  *See* MTD Op. at 9 ("When considering a 12(b)(6) motion, the court must 'construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations.'" (citing *Jud. Watch, Inc. v. U.S. Dep't of Just.*, 410 F. Supp. 3d 216, 220-21 (D.D.C. 2019)).  Lastly, Defendants' claims of litigation hardship if the individual-capacity injunctive relief claims continue pale in comparison to Mr. Allen's hardships if Defendants are successful in foreclosing any and all equitable remedies to right Defendants' constitutional wrongs.

## II. It Was A Clear Error To Dismiss As Moot The Claims For Damages Based On The District's Revocation Of Mr. Allen's Firearm Registration.

Mr. Allen respectfully submits that it was an error to dismiss his claims regarding the revocation of his firearm registration because he adequately pled both compensatory and nominal damages for the past constitutional injury caused by that revocation.  *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 796 (2021); Compl. ¶¶ 315–316.  Defendants concede both that "damages are available for a past constitutional injury, and a damages claim may keep an otherwise moot case alive."  Opp. to Mot. for Relief at 15 (citing *Uzuegbunam*, 141 S. Ct. at 797).  That concession is dispositive.  Defendants' arguments to the contrary are mistaken on the law and misleading on the facts.

First, Defendants assert that Mr. Allen forfeited the ability to claim damages for revocation of his firearm registration certificate by not raising those arguments in his motion-to-dismiss opposition. Opp. to Mot. for Relief at 12.  But there was no occasion for Mr. Allen to make those arguments at

the motion-to-dismiss stage. Mr. Allen properly pled compensatory and nominal damages claims in his complaint, and Defendants did not argue in their motion-to-dismiss briefing that those claims were moot (or otherwise contest that those claims were properly pled). Compl. ¶¶ 315–316; Mot. for Relief at 7. Instead, the Court did so *sua sponte* in its order after motion-to-dismiss briefing was complete. In light of that posture, there was no occasion for Mr. Allen to explain why his registration claims were not moot. It would turn forfeiture doctrine on its head to hold that Mr. Allen is now foreclosed from raising a response to the mootness issue, where *Defendants* failed to present the mootness issue in the first place and the court raised the issue on its own. *See Corson v. Gruman Co. v. NLRB*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990) (explaining that the forfeiture doctrine seeks to prevent a party from "sandbagging" the other to negate their ability to reply); *Lovely-Coley*, 255 F. Supp. 3d at 9 (noting that whether the court "made a decision beyond the adversarial issues presented" is a factor to consider in deciding whether to reverse a ruling on a Rule 54(b) motion for reconsideration).

Second, Defendants incredibly argue that Mr. Allen's registration was never in fact revoked, drawing upon facts outside the bounds of the complaint and in direct contradiction of their own admission in their motion to dismiss: "plaintiff's firearm registration was erroneously revoked . . . from October 31, 2019 to February 8, 2020." Mot. to Dismiss at 7. Beyond Defendants' admission that his firearm registration was revoked, Mr. Allen sufficiently pled that the registration "was revoked by a letter dated October 31, 2019" and that "Defendants admitted the revocation was erroneous and retracted it on February 8, 2020." Compl. ¶ 71; *id.* at ¶ 134 ("One of the letters . . . said that Mr. Allen's firearm registration certificate was being revoked"); *id.* at ¶ 160 ("In a letter authored by Defendant Hall . . . MPD stated that '[d]uring the case review it was found that your registration was revoked in error and your firearm registration is now fully reinstated.'"). The Court must accept those allegations in Mr. Allen's complaint as true in the present posture. Mr. Allen has adequately pleaded that Defendants, acting under color of state law, formally represented to him in writing that

8

his firearm registration was revoked, thus depriving him of his Second Amendment rights and entitling him to proceed on his compensatory and nominal damages claims in connection with his firearm registration.

Third, having not contested Mr. Allen's Second Amendment claims regarding the revocation of his firearm registration certificate in their motion-to-dismiss briefing, Defendants now mischaracterize Mr. Allen's complaint to suggest that his allegations were limited only to challenging the District's new "suitability" policy. While Defendants' new motion-to-dismiss-style arguments should not even be considered in this posture, they are also incorrect. Mr. Allen expressly pled that Defendants' baseless revocation of his firearm registration certificate was a violation of his Second Amendment rights entitling him to damages—whether the revocation was premised on the unconstitutional policy or effected for some other unexplained and unconstitutional reason:

- "Defendants violated the **Second Amendment of the U.S. Constitution** by applying to Mr. Allen a policy that apparently bars responsible, law-abiding citizens from *owning* and carrying firearms," Compl. ¶ 16 (italics added);

- "This registration revocation letter listed a series of years-old criminal charges against Mr. Allen, but no facts or allegations underlying those charges," *id.* at ¶ 135;

- "The registration revocation letter did not explain how those unproven criminal charges justified revocation of Mr. Allen's firearm registration under D.C. Code § 7-2502.09(a)," *id.* at ¶ 137;

- "Since receiving the revocation letters, Mr. Allen has been inhibited from freely exercising his Second Amendment rights… As a result, Mr. Allen suffered (and continues to suffer) anxiety, emotional distress, and embarrassment due to the ongoing uncertainty surrounding his registration and license," *id.* at ¶ 313;

- "As a direct result of Defendants' actions, Mr. Allen suffered impairment of reputation, humiliation, and mental anguish. Mr. Allen is therefore entitled to compensatory damages," *id.* at ¶ 315;

- "In the alternative to receiving compensatory damages, and because Mr. Allen's firearm registration certificate and concealed pistol license were unconstitutionally revoked, Mr. Allen is entitled to nominal damages," *id.* at ¶ 316.

Contrary to Defendants' mischaracterization of Mr. Allen's complaint as solely challenging the "suitability standard and MPD's alleged reinterpretation of it," he properly pled Second Amendment

9

challenges to both the policy *and* the District's revocation of his firearm registration certificate. Opp. to Mot for Relief at 14.

If Mr. Allen's damages claims in connection with Defendants' revocation of his firearm registration are not reinstated, he stands to suffer harm in the form of lost damages and foreclosed theories of individual-capacity liability. As pled in his complaint, Mr. Allen intends to seek both compensatory and nominal damages should he be allowed to pursue his registration claims.[3] As the Supreme Court has made clear, the pursuit of even nominal damages, let alone compensatory damages, is sufficient to preserve his claims from mootness. *Uzuegbunam*, 141 S. Ct. at 802; *see also ibid.* (Kavanaugh, J., concurring). Moreover, reinstating these claims against the Individual Defendants in their individual capacities would allow Mr. Allen to pursue theories of liability other than *Monell* liability. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Defendants assert that they stand to suffer hardship from additional discovery related to Mr. Allen's firearm registration claims, but they provide no supporting authority to suggest that this purported expansion in discovery is relevant to a Rule 54(b) inquiry. In any event, it is not as if any expansion in discovery would result in wasted or duplicative discovery efforts on the part of Defendants; the parties have not even begun depositions, expert discovery, or agreed to search terms. Regardless, it is no answer that Defendants should be permitted to erroneously evade liability for their constitutional violations simply because doing so would expand their discovery obligations.

---

[3] Defendants argue that Mr. Allen is not pursuing these damages claims based on his interrogatory responses submitted after the Court erroneously dismissed his firearm registration certificate damages claims as moot. Opp. to Mot. for Relief at 16 (citing Def.'s Ex. C, Pl.'s Resps. & Objs. to Def.'s 1st Set of Interrogs. at 4–6). Given that his firearm registration damages claims were dismissed at the time he made those interrogatory responses, of course Mr. Allen did not enumerate those damages claims. If the Court reinstates these claims, then Mr. Allen will amend his responses and objections to Defendants' interrogatories accordingly.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's requested relief under Rule 54(b) or 60(b)(1) and amend its order to clarify:

- Mr. Allen may pursue his Second Amendment claims for injunctive relief against the Individual Defendants in their personal capacities (Count 2); and

- Mr. Allen may pursue claims for compensatory and nominal damages based on the District's revocation of his firearm registration (Counts 2 and 8).

Dated: August 30, 2024                                  Respectfully submitted,

*/s/ Jenna H. Pavelec*
Jenna H. Pavelec (D.C. Bar No. 1614398)
Matthew R. Skanchy (*pro hac vice*)
Tania Martinez (*pro hac vice*)
Quinton Weinstein (*pro hac vice*)
Kieran Gostin (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, D.C. 20036
Telephone: (202) 847-4000
Fax: (202) 847-4005
jpavelec@wilkinsonstekloff.com
mskanchy@wilkinsonstekloff.com
tmartinez@wilkinsonstekloff.com
qweinstein@wilkinsonstekloff.com
kgostin@wilkinsonstekloff.com

Owen Gallogly (*pro hac vice*)
Pirzada Ahmad (*pro hac vice*)
WILKINSON STEKLOFF LLP
130 W 42nd Street, 24th Floor,
New York, NY 10036
Telephone: (212) 294-8917
Fax: (202) 847-4005
ogallogly@wilkinsonstekloff.com
pahmad@wilkinsonstekloff.com

*Counsel for Linwood Allen*

11

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 30th day of August 2024, a true and correct copy of the foregoing document was served upon the parties in this case via the Court's electronic filing system and is available for viewing and downloading from the ECF system.

Dated: August 30, 2024                                By: /s/ *Jenna H. Pavelec*
                                                          Jenna H. Pavelec